FILED

02/26/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 17, 2019 at Knoxville

**STATE OF TENNESSEE v. RONNIE WHARTON**

**Appeal from the Circuit Court for Sumner County
Nos. 49-2008, 700-2013    Dee David Gay, Judge**

**No. M2019-01260-CCA-R3-CD**

The petitioner, Ronnie Wharton, appeals the Sumner County Circuit Court's summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he has deemed an illegal sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ALAN E. GLENN, JJ., joined.

Ronnie Wharton, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Ray Whitley, District Attorney General; and Lytle A. James, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In September 2008, the petitioner pleaded guilty to aggravated assault in case number 49-2008, and the trial court imposed a sentence of 10 years' probation to be served concurrently with the four-year effective sentence imposed in case number 48-2008 and the 11-month and 29-day effective sentence imposed in case number 50-2008 but consecutively to the sentence of probation imposed in case number 31-2008.[1]

On August 10, 2011, the trial court revoked the petitioner's probation and ordered him to serve 365 days of his 10-year effective sentence in confinement followed

---

[1]    The record on appeal is meager and does not include a transcript from any plea submission or revocation hearings and does not include judgments of conviction for case numbers 48-2008, 50-2008, or 31-2008. We glean the relevant facts from the trial court's revocation orders.

by a return to probation. In January 2014, the petitioner, originally charged with attempted first degree murder in case number 700-2013, pleaded nolo contendere to the lesser charge of aggravated assault, and the trial court imposed a six-year sentence of probation to be served concurrently with the 10-year sentence imposed in case number 49-2008. Then, on February 3, 2014, the trial court revoked the petitioner's probation in case 49-2008, ordered the petitioner to serve a period of incarceration equal to the time he had already served, and returned him to supervised probation. On November 19, 2014, the trial court revoked the petitioner's probation in cases 49-2008 and 700-2013 but returned him to probation without the imposition of a further term of confinement.

Finally, on March 27, 2017, the trial court revoked the petitioner's probation in cases 49-2008 and 700-2013 and ordered him to serve the balance of his 10-year effective sentence in confinement. The court's order does not specify the reason for the revocation other than stating that the court found that the petitioner had "violated the terms and conditions of probation as evidenced by the testimony heard on the record in open [c]ourt" during a March 13, 2017 hearing. An amended revocation order issued on May 11, 2017, amending the amount of pretrial jail credits to be applied; however, the amended order is unsigned by the trial judge.

On May 30, 2019, the petitioner filed a Tennessee Rule of Criminal Procedure 36.1 motion, asserting that his sentence was illegal because the trial court illegally revoked his probation in cases 49-2008 and 700-2013. He exhibited to the motion two probation violation warrants. The first, issued on November 10, 2015, alleged that the petitioner violated the terms of his probation by garnering new charges and by failing a drug screen. The second warrant, issued on May 31, 2016, alleged that the petitioner violated the terms of his probation by garnering new charges; this warrant has the word "Amended" handwritten at the top and does not include the allegation that the petitioner failed a drug screen. The petitioner also exhibited to the motion a printout from the Sumner County Online Court Records System purporting to show that the charges giving rise to the probation violation had been dismissed on August 2, 2016.

The trial court summarily dismissed the petitioner's Rule 36.1 motion for failure to state a colorable claim. The court noted that the petitioner's sentences fell within the permissible statutory range and that his probation "was ultimately revoked on March 13, 2017[,] after the introduction of certified copies of convictions from General Sessions Court for crimes committed since his last probation violation hearing in Criminal Court from November 13, 2014."

In this timely appeal, the petitioner reasserts his argument that the trial court erred by finding that he had been convicted of the charges giving rise to the

probation violation warrant. The petitioner further contends that because the amended May 31, 2016 warrant did not allege that the petitioner had failed a drug screen, the trial court erred by finding that the petitioner had violated the terms of his probation by failing a drug test. Based on these alleged errors, the petitioner argues that the trial court illegally revoked his probation and ordered him to serve his sentences. The State argues that the petitioner has failed to state a colorable claim under Rule 36.1. We agree with the State.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, even considering all of the petitioner's allegations to be true, Rule 36.1 does not afford him relief. A trial court's revoking a petitioner's probation and ordering him to execute his original sentence, even when based on erroneous factual findings or a violation not alleged in the warrant, would not render the sentence illegal. *See Wooden*, 478 S.W.3d at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011)) (identifying three categories of errors—"clerical errors, appealable errors, and fatal errors"—and stating that "[o]nly fatal errors render sentences illegal"); *see also State v. Tony Arthur Swann*, No. E2015-01516-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Knoxville, June 8, 2017) (holding that even though the revocation order "may have been erroneously entered, . . . the *sentences* were not 'illegal'"). In *Wooden*, our supreme court specifically identified as appealable, as opposed to fatal, errors those "claims 'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." *Wooden*, 478 S.W.3d at 595 (alterations in original) (quoting *Cantrell*, 346 S.W.3d at 450). A trial court's decision to revoke a sentence of probation falls squarely within this category of error. The sentences imposed in case numbers 49-2008 and 700-

2013 were not illegal,[2] and the petitioner does not claim otherwise. He alleges only error in the revocation of his probation, a claim that, even if true, is not cognizable in a Rule 36.1 proceeding.

Accordingly, we discern no error in the trial court's summary dismissal of the petitioner's motion, and we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[2] We note that the petitioner was sentenced as a Range I offender in case number 700-2013, but the six-year sentence is within the range of punishment for that classification and is not illegal. *See* T.C.A. § 40-35-112(a)(3).